IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

RAYMOND A. HOVICK and        )        No. 71020-6-I
JACQUELINE R. HOVICK,        )
husband and wife,            )
                             )
            Respondents,     )
                             )
    v.                       )
                             )
WALTER S. PAGE,              )        UNPUBLISHED OPINION
                             )
            Appellant.       )        FILED: June 15, 2015
_____)

VERELLEN, A.C.J. — The law of the case doctrine generally precludes a party

from raising claims on appeal that were or could have been raised in an earlier

appeal in the same case. All of the claims asserted by Walter Page in this appeal

were or could have been raised in his first appeal in this case. They are therefore

barred by the law of the case doctrine. We decline to exercise our discretion to

reconsider any issues addressed in our previous decision and affirm.

FACTS

The facts underlying this litigation were set forth in our 2012 decision

addressing Page's first appeal in this case:

> Walter Page and Debra Page divorced in November 1999. The
> agreed dissolution order awarded Ms. Page the two parcels of real
> property on Whidbey Island at issue in this appeal (the Deer Lake
> property). The decree also directed the parties to "execute whatever

documents are necessary to carry out the transfers and distributions order[ed] herein."

In 2000, Page moved to vacate the decree, alleging, among other things, that he had not signed the decree and had not authorized his attorney to approve the decree for entry. After considering the conflicting testimony of Page and his former attorney, the trial court denied the motion to vacate, finding that Page had authorized his attorney to enter into the proposed settlement and to approve the agreed dissolution decree. Page did not appeal from the trial court's decision.

In September 2000, Ms. Page sold the Deer Lake property to respondents Raymond and Jacqueline Hovick via a statutory warranty deed. In November 2002, Page and his ex-wife entered into a CR 2A stipulation settling a dispute about an unrelated parcel of property. Under the terms of the stipulation, Page also agreed "that he will assert no claims against the petitioner [Ms. Page] or any third parties in connection with the respondent's [sic] sale of the Island County, Deer Lake Road real property that was awarded to her in the decree."

In November 2002, Page filed a legal malpractice action, once again alleging that he had not authorized his former attorney to approve the agreed dissolution decree. The trial court eventually dismissed Page's claims on summary judgment. This court affirmed, concluding that collateral estoppel barred Page's attempt to relitigate the alleged lack of authority issue. See Page v. Kelly & Harvey, No. 55518-9-I (Wash. Ct. App. Jan. 12, 2006). Despite the court rulings, Page continued to claim he had an ownership interest in the Deer Lake property in various representations to the title company, the sheriff's office, and various businesses.

On February 23, 2009, Page recorded a lis pendens against one of the Deer Lake parcels, alleging a pending action under the dissolution cause number. On June 12, 2009, the Hovicks filed this action seeking release of the lis pendens and an injunction prohibiting Page from any future efforts to cloud their title on the Deer Lake property. In response, Page filed counterclaims seeking an award of damages based on a theory of ouster and an order quieting title to the property in Page and the Hovicks as tenants-in-common.

At the hearing on April 23, 2010, Page once again alleged that he had never authorized his attorney to enter into a settlement and approve the entry of the decree. He argued that because he had never

2

conveyed his interest in property to his ex-wife, he retained an ownership interest.

The court found that the dissolution decree awarded the disputed property to Page's ex-wife and that Page had no ownership interest. The court cancelled the lis pendens, restrained Page from "filing, recording or otherwise affecting title to the real property," and awarded the Hovicks attorney fees under RCW 4.28.328.

On June 17, 2010, the trial court granted the Hovicks' motion for summary judgment and dismissed all of Page's counterclaims as frivolous. The court entered a judgment quieting title to the property in the Hovicks and awarding the Hovicks their attorney fees under RCW 4.84.185.[1]

Page appealed the trial court's decision, and we affirmed. We rejected Page's argument that he retained an interest in the Island County property after the dissolution decree awarded that property to his ex-wife. We also rejected his arguments that the agreed property distribution in the decree was invalid because he did not sign it or authorize his attorney to enter it, and that the trial judge should have recused due to an alleged conflict of interest arising from her husband's real estate business. The Washington State Supreme Court denied Page's petition for review and the mandate issued.

On September 23, 2013, a court commissioner entered judgment on the mandate. The judgment awarded the Hovicks $22,243 in fees and costs. Page filed a notice of appeal from the commissioner's decision.

The Hovicks then moved to clarify an apparent clerical error in the judgment entered by the commissioner. Page filed a motion for mistrial. The same judge who granted the summary judgment we reviewed in 2012 heard the parties' motions.

---

[1] Hovick v. Page, noted at 171 Wn. App. 1022, 2012 WL 5382954, at *1-*2.

Page argued, as he did in his 2012 appeal, that the judge should have recused because of her husband's real estate company. He also argued that the court lacked jurisdiction "to over-ride an [a]greement" between the parties as to the disposition of their property.[2]

After briefly addressing the recusal argument, the court orally denied Page's mistrial motion and granted the Hovicks' motion for clarification. The court's subsequent written order addressed the Hovicks' motion, but said nothing about Page's mistrial motion. Page subsequently amended his notice of appeal to include the order of clarification.

## DECISION

Page contends (1) the superior court lacked jurisdiction over the Island County properties at all times, (2) the judge had a conflict of interest and should have recused from hearing the motions for summary judgment and clarification of the judgment, (3) the parties' prior agreed distribution of property has repeatedly been mischaracterized as a divorce by trial, (4) the Hovicks admit they lack a valid legal deed, and (5) the parties' 2002 stipulation which states that Page will assert no claims in connection with a sale of the Island County property is unexecuted, undated, forged, and void. The Hovicks counter that these claims either were or could have been raised in Page's prior appeal and, under the law of the case doctrine, should not be reviewed. We agree.

---

[2] Clerk's Papers at 3.

"'Where there has been a determination of the applicable law in a prior appeal, the law of the case doctrine ordinarily precludes redeciding the same legal issues in subsequent appeal.'"[3] The doctrine also affords us discretion to refuse review of issues that could have been raised in the prior appeal.[4]

All of Page's arguments were or could have been raised in his first appeal. His challenge to the validity of the parties' 1999 agreed dissolution decree has been repeatedly rejected in prior superior and appellate court decisions.[5] His claimed ownership interest in the Island County property based on the absence of any document transferring his interest to his ex-wife was expressly rejected by this court in our 2012 decision. We noted in part that Page stipulated in 2002 that he would "assert no claims against [Ms. Page] or any third parties in connection with the . . . sale of the Island County . . . property that was awarded to her in the decree."[6] His challenge to the validity of this stipulation was also raised and rejected in our 2012 decision.

Likewise, Page previously raised, and we rejected, his claim that the judge who decided the summary judgment and clarification motions had to recuse due to a

---

[3] State v. Worl, 129 Wn.2d 416, 425, 918 P.2d 905 (1996) (quoting Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988)).

[4] State v. Elmore, 154 Wn. App. 885, 896, 228 P.3d 760 (2010) (citing Folsom, 111 Wn.2d at 263–64).

[5] As we noted in our prior opinion, to the extent any of the issues were raised in prior, final actions, their relitigation here is also barred by the doctrine of collateral estoppel. See Hanson v. City of Snohomish, 121 Wn.2d 552, 561-64, 852 P.2d 295 (1993).

[6] Hovick, 2012 WL 5382954, at *1.

conflict of interest.[7] Page's claims that the Hovicks admit they have no valid title[8] and that the agreed property distribution has been mischaracterized as a trial were raised in the first appeal.

Finally, Page's claim that the superior court lacked jurisdiction over the Island County property is based on reasoning we rejected in our 2012 decision. Page contends the superior court lacked jurisdiction over the property and could not quiet title to it because the disposition of the property was controlled by the parties' agreed property division. Because boilerplate language at the end of that agreement required the parties to "execute whatever documents are necessary to carry out the transfers and distributions order[ed] herein,"[9] he claims his ex-wife could not sell property awarded to her and the Hovicks could not acquire valid title until he executed a document transferring his interest in the property to his ex-wife. But we rejected this reasoning in our 2012 decision, stating in part that "the 1999 decree awarded the . . . property to his ex-wife" and that the award "effectively divested Page of his interest" in it.[10] Thus, no further documents were necessary to carry out the transfer of Page's interest in the property.

---

[7] To the extent Page made recusal arguments in his motion for mistrial below that differed from the recusal arguments he made in his first appeal, and to the extent the arguments could be interpreted as challenges to the judge's ability to hear the motions before it, the court did not abuse its discretion in rejecting those arguments and hearing the motion.

[8] This argument is based on a 2010 statement by the Hovicks' counsel indicating that the Hovicks would be willing to settle for a quitclaim deed from Page.

[9] Clerk's Papers at 166.

[10] Hovick, 2012 WL 5382954, at *2.

Because all of Page's claims were or could have been raised in his prior actions, and because Page does not assert any exception to the law of the case doctrine, we conclude the doctrine precludes review. We decline to exercise our discretion to revisit any of our prior decisions in this case.

Because Page's appeal presents no debatable issues and is therefore frivolous, we grant the Hovicks' request for attorney's fees and costs on appeal, subject to their compliance with RAP 18.1(d).[11]

Affirmed.

WE CONCUR:

---

[11] RAP 18.9(a).